**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| TRUSTEES OF THE NATIONAL, | : | CIVIL ACTION |
| ELEVATOR INDUSTRY PENSION | : | |
| FUND, et al., | : | |
| *Plaintiffs,* | : | |
| v. | : | |
| | : | |
| CARDINAL ELEVATOR SERVICES, LLC, | : | |
| et al., | : | NO. 25-cv-5465 |
| *Defendants.* | : | |

**MEMORANDUM**

**KENNEY, J.**                                                                                    **February 12, 2026**

Before the Court is Plaintiffs' Motion for Default Judgment, ECF No. 16 (the "Motion"). Plaintiffs seek judgments against Defendant Cardinal Elevator Services, LLC in the amount of $113,339.43 and against Defendant Justin Durange, jointly and severally, in the amount of $110,983.08. *See* ECF No. 16. To date, Defendants have not filed an opposition to Plaintiffs' Motion or otherwise appeared in this action. For the reasons discussed below, the Motion will be **GRANTED**.

I.      **BACKGROUND**

Because the Court is deciding a motion for default judgment, it draws the following facts from Plaintiffs' Complaint, and it accepts them as true except insofar as they concern the amount of damages. *See Comdyne I, Inc. v. Corbin*, 908 F.2d 1142, 1149 (3d Cir. 1990).

Plaintiffs National Elevator Industry Pension Fund, National Elevator Industry Health Benefit Plan, National Elevator Industry Educational Plan, and Elevator Constructors Annuity and 401(k) Retirement Fund (collectively, the "Benefit Fund Plaintiffs") are multiemployer employee benefit plans organized under the provisions of the Employee Retirement Income Security Act of

1974, as amended ("ERISA"). ECF No. 1 ¶¶ 1–3, 5. Each of the Benefit Fund Plaintiffs was established and is maintained according to the terms of its Restated Agreement and Declaration of Trust. *Id.* Plaintiff Elevator Industry Work Preservation Fund ("Work Preservation Fund") is a labor-management cooperation committee that was established and is maintained according to the terms of its Restated Agreement and Declaration of Trust. *Id.* ¶ 4.

Defendant Cardinal Elevator Services, LLC ("Cardinal Elevator") transacts business as a contractor or subcontractor in the elevator industry and is a signatory to the agreement between the International Union of Elevator Constructors, AFL-CIO ("IUEC"), and the National Elevator Bargaining Association ("Collective Bargaining Agreement") through its Short Form Agreement. *Id.* ¶¶ 6–8. Defendant Justin Durange, as an officer and owner of Cardinal Elevator, exercises control and discretion over the assets of Cardinal Elevator, "including, but not limited to, decisions regarding the collection of receivables for Cardinal Elevator, the disbursement of payroll to employees, the disbursement of any payroll deductions authorized by Cardinal Elevator's employees, and the amounts to be paid to the Plaintiffs." *Id.* ¶ 10.

From February 1, 2023 to the present, Cardinal Elevator employed employees performing work covered by the Collective Bargaining Agreement. *Id.* ¶ 11. Pursuant to its Short Form Agreement with the IUEC, Cardinal Elevator was contractually obligated to pay to the Plaintiffs agreed-upon amounts of money for each hour worked by employees covered by the Collective Bargaining Agreement. *Id.* ¶ 16. In May 2025, upon the completion of a payroll audit by the certified public accounting firm of Daniel A. Winters & Co., Plaintiffs discovered that Defendants underreported work performed by such employees from February 1, 2023 to April 30, 2024. *Id.* ¶ 17. The audit determined that Defendants failed to report or pay the accurate amount due to Plaintiffs for all work performed by employees covered by the Collective Bargaining Agreement

2

in various months from February 1, 2023 to April 30, 2024. *Id.* ¶ 18. The total amount that Defendants owed to Plaintiffs but failed to pay is $82,924.57. *Id.* According to the terms of the Collective Bargaining Agreement, Short Form Agreement, and each Plaintiff's Restated Agreement and Declaration of Trust, an employer who fails to pay the amounts required when due shall be obligated to pay, in addition to the contributions owed, liquidated damages plus interest from the date due through the date of payment, reasonable attorneys' fees, court costs, and audit fees. *Id.* ¶¶ 19–20.

Plaintiffs brought this action against Defendant Cardinal Elevator for amounts owed to Plaintiffs for unpaid contributions pursuant to a payroll audit (Count I) and against Defendant Justin Durange for breach of fiduciary duty (Count II). *Id.* ¶¶ 15–27. On September 26, 2025, a private process server hand delivered the Complaint and Summons to Defendant Justin Durange at his residence. ECF Nos. 9, 10. Defendants have not responded to the Complaint or entered appearances in this litigation. *See* ECF No. 16-1 at 4. Accordingly, upon Plaintiffs' Motions for Clerk's Entry of Default, ECF Nos. 11–12, the Clerk of Court entered default against both Defendants on October 23, 2025, ECF Nos. 13–14. Plaintiffs moved for entry of default judgment on December 17, 2025, ECF No. 16, to which Defendants also did not respond. Plaintiffs' Motion is now ripe for adjudication.

## II.      LEGAL STANDARD

Under Federal Rule of Civil Procedure 55, a plaintiff may move for default judgment once the Clerk of Court enters a default against the defendant. Fed. R. Civ. P. 55(b). Where "the plaintiff's claim is for a sum certain or a sum that can be made certain by computation," the plaintiff submits "an affidavit showing the amount due," and the defaulting defendant is "neither a minor nor an incompetent person," the Clerk of Court "must enter judgment for that amount and costs."

Fed. R. Civ. P. 55(b)(1). "In all other cases, the party must apply to the court for a default judgment." Fed. R. Civ. P. 55(b)(2). "A default judgment must not differ in kind from, or exceed, what is demanded in the pleadings." Fed. R. Civ. P. 54(c).

When the plaintiff applies to the court for a default judgment, the district court may hold a hearing to assist with the calculation of damages, though it is not categorically required to do so. *See Rainey v. Diamond State Port Corp.*, 354 F. App'x 722, 724–25 (3d Cir. 2009) (per curiam). However, the court has an obligation to determine whether the plaintiff's asserted damages are appropriate. *See Transatl. Marine Claims Agency, Inc. v. Ace Shipping Corp.*, 109 F.3d 105, 111 (2d Cir. 1997) ("While the District Court may not have been obligated to hold an evidentiary hearing, it could not just accept [the plaintiff's] statement of the damages.").

Where a defendant has been properly served, a court has discretion to enter default judgment based on its consideration of the following three factors: "(1) prejudice to the plaintiff if default is denied, (2) whether the defendant appears to have a litigable defense, and (3) whether defendant's delay is due to culpable conduct." *Chamberlain v. Giampapa*, 210 F.3d 154, 164 (3d Cir. 2000). "In evaluating these factors, the court accepts all factual allegations in the complaint as true." *Int'l Bhd. of Elec. Workers Union No. 98 98 Health & Welfare Fund v. D'Narpo Elec., LLC*, No. 21-cv-1923, 2022 WL 742735, at *3 (E.D. Pa. Mar. 10, 2022).

## III.    DISCUSSION

Upon an evaluation of the three *Chamberlain* factors,[1] the Court finds that entry of default judgment in favor of Plaintiffs is appropriate. First, Plaintiffs will be prejudiced if default judgment

---

[1] The Third Circuit has also noted that "[b]efore granting default judgment, a district court may consider whether 'the unchallenged facts constitute a legitimate cause of action.'" *J&J Sports Prods., Inc. v. Ramsey*, 757 F. App'x 93, 95 (3d Cir. 2018) (citation omitted). Here, Plaintiffs assert a claim for unpaid contributions in violation of § 515 of ERISA against Defendant Cardinal Elevator and a claim for breach of fiduciary duty in violation of § 404(a) of ERISA against

is denied because Plaintiffs are not receiving the monetary contributions owed to them by Defendants and under ERISA, a multi-employer plan is still required to pay benefits to participants even if employers fail to make their contributions to the plan. *See Int'l Union of Operating Eng'rs of E. Pa. & Del. Benefit Pension Fund v. N. Abbonizio Contractors, Inc.*, 134 F. Supp. 3d 862, 865 (E.D. Pa. 2015). As such, Defendants' delinquent contributions impair Plaintiffs' ability to pay both the beneficiaries of Defendants and the beneficiaries of employers who have made timely contributions. *Carpenters Health & Welfare Fund v. Bold & Clauss Constr., Inc.*, No. 05-cv-4858, 2006 WL 782051, at *2 (E.D. Pa. Mar. 23, 2006).

Moving to the second and third *Chamberlain* factors, since Defendants have not responded to the Complaint, the instant Motion, or otherwise made an appearance in this action, the Court "is not in a position to determine whether the Defendant[s] [have] a 'meritorious defense' or whether the default was the result of misconduct." *Int'l Union of Operating Eng'rs of E. Pa.*, 134 F. Supp. 3d at 865. Some district courts in this circuit have found that a defendant's failure to appear in a case creates a presumption that the defendant lacks a litigable defense because "[i]t is not the court's responsibility to research the law and construct the parties' arguments for them." *Acosta v. Schwab*, No. 18-cv-3544, 2019 WL 7046916, at *8 (E.D. Pa. Dec. 20, 2019) (citation omitted). In

---

Defendant Justin Durange. *See* ECF No. 1 at 5–7; *Int'l Bhd. of Elec. Workers Union No. 98*, 2022 WL 742735, at *3 ("Section 515 of ERISA mandates that employers make contributions to a multiemployer plan as required by the terms of a [Collective Bargaining Agreement] . . . If an employer fails to make their required contributions, a plan fiduciary has the right to seek judgment against the employer."); *id.* at *5 (stating that § 404(a) of ERISA mandates that a fiduciary must "discharge his duties with respect to a plan solely in the interest of the participants and beneficiaries and . . . for the exclusive purpose of (i) providing benefits to participants and their beneficiaries; and (ii) defraying reasonable expenses of administering the plan" (citation omitted)). Having alleged that Cardinal Elevator failed to report and pay accurate contributions to the Plaintiff Funds and that Justin Durange, in his capacity as a fiduciary of the Plaintiff Funds, unlawfully used plan assets for purposes other than to pay the Plaintiffs, *see* ECF No. 1 at 5–7, the Complaint states legitimate causes of action for violations of ERISA against both Defendants.

any case, no obvious defenses—such as a statute of limitations defense—are apparent from the record here. Because Defendants were timely served with the Complaint, *see* ECF Nos. 9, 10, the Court finds that the second and third *Chamberlain* factors weigh in favor of entering default judgment against Defendants. Accordingly, an entry of default judgment is appropriate.

The Court now turns to a determination of the appropriate amount of damages. Plaintiffs seek unpaid contributions, plus interest, liquidated damages, attorneys' fees, court costs, and audit costs. ECF No. 1 at 7. Under ERISA, in actions involving delinquent contributions where judgment is awarded in favor of an employee benefit fund, a court must award the fund:

(A) the unpaid contributions,

(B) interest on the unpaid contributions,

(C) an amount equal to the greater of

(i) interest on the unpaid contributions, or

(ii) liquidated damages provided for under the plan in an amount not in excess of 20 percent (or such higher percentage as may be permitted under Federal or State law) of the amount determined by the court under subparagraph (A),

(D) reasonable attorney's fees and costs of the action, to be paid by the defendant, and

(E) such other legal or equitable relief as the court deems appropriate.

29 U.S.C. § 1132(g)(2). Interest on unpaid contributions is determined using the rate provided for by the plan, or if none, a statutory rate. *Id.* "The Court may rely on affidavits and other documented evidence to award the appropriate default judgment amount." *Int'l Bhd. of Elec. Workers Union No. 98*, 2022 WL 742735, at *5.

Here, to support their requested relief, Plaintiffs have provided evidence in the form of an affidavit by Robert O. Betts, Jr., the Executive Director of three of the Plaintiff Funds (the National

6

Elevator Industry Pension Fund, Elevator Constructors Annuity and 401(k) Retirement Fund, and the National Elevator Industry Health Benefit Plan) and representative for the remaining two funds (the National Elevator Industry Educational Plan and the Elevator Industry Work Preservation Fund), and an affidavit by Daniel A. Winters, a certified public accountant and partner in the Certified Public Accounting Firm of Daniel A. Winters & Co., which conducted the payroll audit of Defendant Cardinal Elevator. ECF No. 16-3 at 3–8, 98–100. The Court finds that Mr. Winters' affidavit adequately demonstrates that Plaintiffs are owed $75,210.46 in unpaid contributions as revealed by the payroll audit (separated out as $73,132.46 owed to the Benefit Funds and $2,078.00 owed to the Work Preservation Fund). ECF No. 16-3 at 99.

Under ERISA, the Benefit Fund Plaintiffs are entitled to prejudgment interest on the unpaid contributions. 29 U.S.C. § 1132(g)(2)(B) ("[I]nterest on unpaid contributions shall be determined by using the rate provided under the plan."). The amount of interest authorized by the Benefit Fund Plaintiffs' Restated Agreements and Declarations of Trust is the rate charged by the Internal Revenue Service on the underpayment of taxes at the time of the delinquency. ECF No. 16-3 at 6, 31, 42, 50, 68. The total interest on unpaid contributions to the Benefit Fund Plaintiffs, accrued from the date due through December 17, 2025, the date the Motion was filed, is $9,655.13. *Id.* at 6–7, 99. The Work Preservation Fund is entitled to prejudgment interest pursuant to the terms of its Agreement and Declaration of Trust. *Id.* at 6, 62–63. The total interest on unpaid contributions to the Work Preservation Fund, accrued from the date due through December 17, 2025, the date the Motion was filed, is $278.35. *Id.* at 6–7, 99.

As to liquidated damages, ERISA provides for liquidated damages in the amount of twenty percent of the unpaid contributions if "provided for under the plan." 29 U.S.C. § 1132(g)(2)(C)(ii). Here, all of the Benefit Fund Plaintiffs' Agreements and Declarations of Trust provide for

liquidated damages in the amount of twenty percent. ECF No. 16-3 at 32, 43, 52, 69. The amount of liquidated damages due to the Benefit Fund Plaintiffs is $14,626.49, which is twenty percent of $73,132.46, the total sum of unpaid contributions due to the Benefit Fund Plaintiffs as revealed by the payroll audit. *See id.* at 7. Meanwhile, the Restated Agreement and Declaration of Trust for the Work Preservation Fund does not provide for liquidated damages. *See id.* at 59–63.

ERISA, the Collective Bargaining Agreement, and the Plaintiffs' Restated Agreements and Declarations of Trust also provide for reasonable attorney's fees and costs. 29 U.S.C. § 1132(g)(2)(D); ECF No. 16-3 at 32, 43, 52, 62, 68. According to the affidavit of Plaintiffs' counsel and supporting documentation, Plaintiffs are owed $1,575.00 in attorney's fees (counsel charged Plaintiffs an hourly fee of $350) and $655.00 for the costs of filing and service. ECF No. 16-3 at 107, 109, 111. The Court finds these amounts to be reasonable and fair. *See Int'l Bhd. of Elec. Workers Union No. 98*, 2022 WL 742735, at *6 (finding an attorney's hourly rate of $395 to be reasonable and consistent with the market rate in Philadelphia); *Trs. of Nat'l Elec. Benefit Fund v. Mirarchi Bros., Inc.*, No. 21-cv-4399, 2022 WL 221610, at *6 (E.D. Pa. Jan. 24, 2022) (finding an hourly rate of $445 to be reasonable in ERISA recovery action).

Finally, the Collective Bargaining Agreement and the Benefit Fund Plaintiffs' Restated Agreements and Declarations of Trust require that an employer who fails to pay the amounts determined by an audit pay for the cost of the audit. ECF No. 16-3 at 33, 44, 62, 71. According to the affidavit of Mr. Winters, the audit cost the Plaintiffs $11,339.00. *Id.* at 99.

In sum, Plaintiffs are entitled to $113,339.43 from Defendant Cardinal Elevator. Defendant Justin Durange is jointly and severally liable for $110,983.08 for breaching his fiduciary duty to the Benefit Fund Plaintiffs. *See* ECF No. 16-2. ERISA imposes personal liability on "[a]ny person who is a fiduciary with respect to a plan who breaches any of the responsibilities, obligations, or

8

duties imposed upon fiduciaries" in relation to that plan. 29 U.S.C. § 1109(a); *see also Trs. of Nat'l Elevator Indus. Pension Fund v. E. Elevator Serv. Inc.*, No. 20-cv-6150, 2021 WL 3885153, at *4 (E.D. Pa. Aug. 30, 2021). To establish personal liability against a defendant for breaching his fiduciary duty for failure to pay contributions, a plaintiff must show (1) that the defendant's failure to pay contributions affected plan assets, and (2) that the defendant either exercised discretionary authority or control in the management of the plan or in the disposition of the plan's assets. *Trs. of Nat'l Elevator Indus. Pension Fund v. Bayside Elevators LLC*, No. 25-cv-1895, 2025 WL 2147366, at *3 (E.D. Pa. July 29, 2025). Here, as discussed above, Defendant Justin Durange's delinquent contributions caused financial loss to the Plaintiffs and impaired Plaintiffs' ability to pay the plans' participants. The Complaint sufficiently alleges that Mr. Durange exercised control in the management of the plans by stating that "Justin Durange was and is responsible for creating and operating Cardinal Elevator and determining the total amount of employer contributions to report and pay to the Benefit Fund Plaintiffs from Cardinal Elevator's assets." ECF No. 1 ¶ 23. Therefore, Mr. Durange breached his fiduciary duty to the Benefit Fund Plaintiffs and may be held jointly and severally liable for damages to the Benefit Fund Plaintiffs. Because the Work Preservation Fund's Restated Agreement and Declaration of Trust do not include a fiduciary duty provision, *see* ECF No. 16-3 at 59–63, Mr. Durange is not liable for damages to the Work Preservation Fund.

The default judgment shall also include post-judgment interest. Under 28 U.S.C. § 1961, post-judgment interest on monetary judgments in civil cases is mandatory. *See Dunn v. HOVIC*, 13 F.3d 58, 60–61 (3d Cir. 1993); *see also* 28 U.S.C. § 1961(a) (noting that interest calculated from when judgment is entered "*shall* be allowed" in civil cases (emphasis added)). The Court will award post-judgment interest at the default rate prescribed by 28 U.S.C. § 1961. *See* 28 U.S.C.

§ 1961 (requiring post-judgment interest to be calculated "at a rate equal to the weekly average 1-year constant maturity Treasury yield, as published by the Board of Governors of the Federal Reserve System, for the calendar week preceding").

## IV.    CONCLUSION

For the foregoing reasons, the Court will grant Plaintiffs' Motion (ECF No. 16) in full. The Court will enter judgment in favor of Plaintiffs against Defendant Cardinal Elevator in the amount of $113,339.43 and against Defendant Justin Durange, jointly and severally, in the amount of $110,983.08. An appropriate Order will follow.

**BY THE COURT:**

**/s/ Chad F. Kenney**

**CHAD F. KENNEY, JUDGE**